UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICENTE GUERRERO,<br><br>        Plaintiff,<br> v.<br>PANDA EXPRESS, INC.,<br><br>        Defendant. | Case No. 2:19-cv-00492-MMD-PAL<br><br>ORDER |

**I. SUMMARY**

Plaintiff Vicente Gurerrero sued Defendant Panda Express, Inc., after he slipped, fell, and was injured in one of their restaurants in Las Vegas, Nevada. (ECF No. 1-2.) Defendant removed the case to this Court. (ECF No. 1.) Before the Court is Plaintiff's motion to remand because the amount in controversy does not exceed the $75,000 jurisdictional threshold (the "Motion").[1] (ECF No. 8.) Because Defendant has failed to carry its burden to show the amount in controversy requirement is satisfied—specifically because Plaintiff's settlement demands do not appear to reflect a reasonable estimate of Plaintiff's claim—the Court will grant Plaintiff's Motion and remand this case to the Eighth Judicial District Court.

**II. BACKGROUND**

The following allegations come from the Complaint. (ECF No. 1-2.)

Plaintiff was a patron at a Panda Express restaurant in Las Vegas, Nevada. (*Id.* at 2.) On his way out, he slipped and fell on a wet patch of floor. (*Id.*) There were no signs or other warnings of a wet floor. (*Id.*) He was injured by the slip and fall. (*Id.*)

///

---

[1] Defendant filed a response (ECF No. 9), and Plaintiff filed a reply (ECF No. 11).

1    Plaintiff filed his Complaint in the Eighth Judicial District Court in and for the County of Clark (ECF No. 1-2 at 1), and Defendant removed based on diversity jurisdiction (ECF No. 1 at 1).

Plaintiff asserts the following claims in the Complaint: (1) negligence; (2) negligent hiring, training, supervision, and retention; and (3) "Respondent Superior[.] [sic]" (ECF No. 1-2 at 2-4.) Plaintiff seeks general and special damages, and attorneys' fees. (*Id.* at 4.)

### III.　LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the

1  kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See Matheson*, 319 F.3d at 1090 (citation omitted).

## IV. DISCUSSION

Plaintiff does not request a specific amount of damages in the Complaint, instead alleging both general and special damages in excess of $15,000. (*See generally* ECF No. 1-2.) Thus, Defendant must prove, by a preponderance of the evidence, that the amount in controversy requirement is satisfied.[2] *See Valdez*, 372 F.3d at 1117. Defendant has not made this showing.

Defendant argues removal was proper because Plaintiff demanded $100,000 to settle this case in three separate demand letters.[3] (ECF No. 9 at 2.) Plaintiff counters in relevant part that a settlement letter is relevant evidence of the amount in controversy only if it appears to reflect a reasonable estimate of the plaintiff's claim. (ECF No. 11 at 4 (relying on *Cohen v. Petsmart*, 281 F.3d 837, 839 (9th Cir. 2002).) Because his $100,000 demand was not a reasonable estimate of his claim, as he incurred only $17,651.92 in medical expenses and is no longer seeking treatment, Plaintiff argues, the settlement

---

[2] Neither party disputes they are diverse, which is the other requirement of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

[3] The Court notes that Defendant did not properly authenticate these letters by offering a declaration from someone with knowledge of their contents. Normally, that would mean the Court cannot even consider them. *See Matheson*, 319 F.3d at 1090 (specifying that the Court should consider summary-judgment-type evidence on motions to remand); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("unauthenticated documents cannot be considered in a motion for summary judgment."). However, the Court will consider them here because Plaintiff concedes his counsel sent these letters, and does not dispute their authenticity. (ECF No. 11 at 3.) *See also Orr*, 285 F.3d at 776 ("when a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties, subject to the right of any party to present evidence to the ultimate fact-finder disputing its authenticity.").

demand letters do not allow Defendant to carry its burden here. (ECF No. 11 at 4; *see also* ECF No. 8 at 3.) The Court agrees with Plaintiff.

Here, despite Plaintiff's settlement demands of $100,000, a reasonable estimate of Plaintiff's claim is the nearly $18,000 in medical expenses he allegedly incurred. (ECF Nos. 8 at 3, 11 at 4 (arguing Plaintiff has only incurred $17,651.92 in medical expenses and is no longer seeking treatment).) *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.") (citation omitted). Plaintiff's settlement demands are contradicted by the medical expenses he listed in those same demand letters. (*See* ECF No. 9-2 at 2 (listing $19,449.92 in total medical specials despite also demanding $100,000 to settle the case); *see also* ECF No. 9-3 at 3 (listing $17,651.92 in total medical specials despite continuing to demand $100,000 to settle the case).) Therefore, the amount in controversy here is $17,651.92. (ECF Nos. 8 at 3, 11 at 4.) This amount is below the jurisdictional minimum. *See* 28 U.S.C. § 1332(a). Thus, and especially considering that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance[,]" *Gaus*, 980 F.2d at 566, the Court will remand this case. *See Browne v. Connor*, Case No. 2:15-cv-1868-JAD-PAL, 2016 WL 8730562, at *1-*3 (D. Nev. Feb. 5, 2016) (remanding case despite the plaintiff having sent a $175,000 demand letter where the plaintiff's "only documented damage is $17,000 in medical expenses").

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

4

It is therefore ordered that Plaintiff's motion to remand (ECF No. 8) is granted. This action is remanded to the Eighth Judicial District Court in and for the County of Clark. The Clerk of Court is directed to close this case.

DATED THIS 1st day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE